PER CURIAM.
 

 P.I., the mother, appeals the final judgment terminating her parental rights as to her two children, A.N. and T.M., Jr. Finding that the judgment is supported by clear and convincing evidence, we affirm.
 

 P.I. has two children, T.M., Jr., born September 6, 2007, and A.N., born March 8, 2006. The children were placed in shelter care after A.N. was taken to the hospital because he was vomiting excessively. This had been going on for a week. The child was lethargic and had various bruises on his face and body. The bruises seemed to be a week old. There was fluid on the brain resulting from trauma. Testing ruled out any possible cause other than trauma. There was testimony that the brain injury was four to six weeks old. The Child Protection Team diagnosed severe abuse.
 

 The trial court found that A.N.’s stepfather (T.M., Sr.) inflicted these and other injuries. P.I. was aware that T.M., Sr. abused A.N.; P.I. had left the home on three occasions because of the abuse, but returned each time. P.I. had witnessed T.M., Jr., being force-fed by the father to the point where the child had bruises on
 
 *1174
 
 his face. She did not do anything to avoid further abuse.
 

 The parents had a history of DCF abuse reports. The step-father had abused A.N. on three prior occasions. The step-father also hit P.I. and she was afraid of him. P.I. and her own mother have a history of mental illness. There was testimony that P.I. had attempted suicide several times, did not take prescribed medications, and felt she did not need them. She did not follow up on referrals for services.
 

 The Department of Children and Family Services [“DCF”] sought to terminate the mother’s parental rights as to both children. DCF asserted that under section 39.806(1)(c), Florida Statutes (2008), there was no way of establishing a safe parent-child relationship. It alleged that P.I. had failed to protect the child from abuse by the step-father and had no ability to protect the children. DCF further alleged egregious conduct by P.I. and T.M., Sr., as to each child pursuant to section 39.806(1)(f), Florida Statutes (2008).
 

 There was expert testimony that P.I. was in denial that any abuse was occurring. There was also testimony that she is utterly unable to protect the children. The guardian ad litem also recommended termination as to both children.
 

 The court terminated the mother’s parental rights as to both children. This appeal followed.
 

 The trial court’s final judgment is amply supported by clear and convincing evidence. The record is replete with expert testimony, as well as the testimony from the mother herself, to support the trial court’s findings of egregious conduct and abuse, and finding that there is no way the mother can safeguard the children from further such conduct and abuse. The testimony demonstrates she failed to protect A.N., and was not even fully conscious that what the child was experiencing amounted to abuse.
 

 This is a case where termination is the only alternative available to protect the children.
 
 See Padgett v. Dep’t of Health & Rehab. Servs.,
 
 577 So.2d 565, 572 (Fla.1991). The simple fact of waiting a month after A.N.’s brain injury, to take the child to the hospital — and then only after he had been vomiting and not speaking for days — supports the court’s finding. § 39.806(2), Fla. Stat. (2008). There is also every reason to believe that the abuse and neglect in this case will continue, placing the children at continued risk. A.C.
 
 v. Dep’t of Children & Families,
 
 798 So.2d 32, 35 (Fla. 4th DCA 2001). Additionally, even a parent who is not present, or who does not personally participate in abuse, but who knowingly fails to protect the child from egregious abuse may have his or her parental rights terminated.
 
 C.S. v. State, Dep’t of Health & Rehabilitative Servs.,
 
 697 So.2d 914 (Fla. 2d DCA 1997). Based on the same reasoning, termination as to T.M., Jr., is also justified.
 
 K.A. v. Dep’t of Children & Family Servs.,
 
 880 So.2d 705, 708 (Fla. 2d DCA 2004). The mother witnessed the father’s treatment of the child but was never able to stop it. Here, DCF met its burden of presenting evidence to support the court’s finding that sections 39.01 and 39.806 were satisfied.
 

 This opinion shall become effective immediately, notwithstanding the filing of any motion for rehearing.
 

 Affirmed.